Velma Mary Hebert, wife of Russell Hebert, sues White Top Cabs, Inc., and Independent Cab Operators Association for damages alleging that she had been a passenger for hire in a cab of the first named defendant, and that after she had alighted from the said cab, one of the other *Page 159 
passengers, who had also alighted, partially closed the front door and that as plaintiff's "fingers extended over that upper portion of the cab which is covered by the upper part of the right front door when closed * * * the driver of the cab suddenly leaned sidewards in the front seat and violently, negligently and without warning, and with great force slammed and closed the front right door of the cab, catching the fingers of petitioner's right hand." She alleges that she suffered great mental anguish and physical shock and sustained permanent disfigurement of the little finger of her right hand, and she also alleges that the second named defendant, Independent Cab Operators Association, is liable solidarily with White Top Cabs, Inc., "* * * as surety and depositary of certain bonds and/or liability insurance and/or for deposits of security on account of the White Top Cabs, Inc., as provided for under Ordinance No. 13,825 Commission Counsel for the City of New Orleans which Ordinance is especially plead herein in extenso and made part hereof."
Defendants admit that petitioner had been a passenger in the cab of the White Top Cab Co., Inc., as alleged, and they also admit that amicable demand was made but they deny categorically all of the other allegations of the petition and particularly allege that just after plaintiff had alighted from the rear of the cab and had placed her hand on the frame of the front door, another passenger, who had accompanied her and the others and who had stepped out of the front of the cab, slammed the front door and caught plaintiff's fingers between the door and the frame. Defendants also aver that petitioner was "negligent in not paying attention to what she was doing and negligently left her hand in a place where it had no right to be."
Consolidated with this case is another case filed by Mr. Russell Hebert in which he, as head and master of the community, seeks recovery of $141 representing X-ray bills and medical expenses made necessary by the accident, and also ten weeks salary which Mrs. Hebert is alleged to have lost as a result of the accident. There was one judgment dismissing both suits and both plaintiffs have appealed.
The record shows that plaintiff, with at least three other friends, boarded the cab as passengers for hire, and that when they reached their destination they alighted. Plaintiff rode on the rear seat. At least one of the friends of plaintiff occupied a front seat alongside the driver, and it appears that plaintiff and this lady who had occupied the front seat, stepped from the cab at about the same time, they being the two last to leave. Plaintiff closed the rear door, and for some unexplainable reason, placed her right hand upon the side or top of the cab and the front door, as it closed, crushed her little finger. It is her contention that her friend had not completely closed the front door but had only shut it sufficiently for the first or safety latch to catch, and that this left an opening of about a half inch into which her finger extended, and that the chauffeur, noticing that the door had not been closed tightly, but not noticing that petitioner's finger was in the crack, reached over to his right, grasped the door handle and violently closed the door the additional half inch, crushing petitioner's finger.
Petitioner's friends, to some extent, corroborate her statement but all of their testimony creates the definite impression that they are rather confused in their own views as to how the accident actually occurred. The driver, on the other hand, states that he had nothing to do with the closing of the door and that as the other passengers alighted, one of them slammed the door violently upon petitioner's finger which she had carelessly placed on the frame of the door just where it would be crushed by its closing.
The record does not, to any extent, justify the conclusion that the finding of the court below was erroneous. Furthermore, if plaintiff's story is true, she was contributorily negligent in extending her little finger into the very small opening left between the partially closed door and the body of the car. She was standing outside, and there was nothing about her position to indicate to the driver that she had been so careless as to extend her little finger into this small opening. Even according to her own story, her own negligence should prevent recovery. But, as we have said, the record does not justify the conclusion that the finding of our brother below was erroneous. Of course, since there was no negligence on the part of the cab driver there can be no recovery by either plaintiff.
Accordingly, the judgment appealed from is affirmed.
Affirmed. *Page 304