HARDY, Judge.
Plaintiff sues .for damages resulting from personal injuries sustained while a paying passenger in a cab of defendant company, allegedly caused by the negligence of the driver, the employee of defendant. After trial there was judgment in favor of plaintiff in the sum of $615, from which defendant appeals.
Plaintiff, án elderly lady of some 75 years, who had been receiving medical treatment at the North Louisiana Sanitarium in the City oif Shreveport, called a cab of defendant company and was driven to her home on Olive Street... Upon arrival at her destination the taxi driver opened the front door on his side of the cab and alighted for the purpose of assisting plaintiff. Plaintiff, in rising from her position on the back seat, supported and aided herself by taking hold of the center post of the cab which divides the front and rear doors and upon which the doors close. As her hand was grasping the side of this center *231 post toward the front door the door slammed shut, catching the middle and ring fingers of the right hand which were seriously and painfully bruised and crushed. Plaintiff’s fingers were cartght'so firmly by the closing door that it was necessary for the cab driver to open the door in order to permit the extrication of her hand. Immediately following the accident plaintiff was returned by the cab driver to the sanitarium where she was treated for her injury. It was necessary for her to remain in the hospital for about two days, after which she was treated for some five or six weeks, during the course of which time she lost the nails of the injured fingers. There is no question as to the painful nature of the injuries sustained, nor is there any contradiction of the testimony of plaintiff’s attending physician to the effect that the middle finger will be permanently stiff. The only explanation for the slamming of the door is given by the taxi driver who testified that the position of the cab was slightly uphill. This being true it is obvious that it was the position of the cab on the slant of the hill which caused the front door to slam on the support post to which plaintiff was holding. Admittedly there was no cord affixed to the rear of the front seat nor any support strap, or any like equipment to which plaintiff could have been expected to turn for assistance in rising from the rear seat and alighting from the cab.
Defendant’s counsel predicates the complaint against the adverse judgment upon the ground that the driver of a taxi is not charged with the duty of reasonably foreseeing “that a passenger alighting from the rear seat of a taxicab will place her hand in such a position that it will be caught by the closing of the front door next to the driver’s seat.” Counsel asserts and cites authorities in support of the well-established principles o'f law that a public' carrier is not an insurer of the safety of its passengers; that public carriers owe a high degree of care to their passengers; that a showing of a plaintiff that he was a paid passenger and was injured while occupying such a status makes out a prima facie case of negligence; that a defendant bears the burden of proof of overcoming such an established prima facie case, and, finally, that it is not necessary for a defendant carrier to affirmatively prove the exact cause of the injuries sustained by a passenger. With all of these principles we are in complete accord, except we call attention to the fact that under our jurisprudence public carriers do not owe simply a high degree of care but rather the highest degree of care with respect to their passengers.
It is strenuously urged that the cab driver could not foresee, the action of plaintiff and that as a matter .of reason and experience the action of taking hold of the front of the center post could not be anticipated. Counsel asserts that the situation would be entirely different “if it were the back door of the car that had caught plaintiff’s hand.” A simple experiment without even the necessity of using an automobile for the purpose, may be conducted to show the fallacy of this argument. In rising from any seated position with the intention of.turning and moving toward the left, it is natural to reach out with the right hand, palm, in, in a completely easy and normal- motion, to grasp a support in front and to the left of one’s seated ‘position. - This provides the necessary leverage and is a wholly normal procedure. Despite counsel’s argument, in order to grasp the inside of a support located toward one?s left it would be nec- ' essary to rotate the hand, at a one hundred eighty degree angle in an awkward and unnatural manner, which would not only sacrifice the maximum leverage but would further make insecure the grasp of the support itself.
Counsel contends on the basis of the holdings of courts from other jurisdictions that defendant is not liable for any act or by reason of any act of negligence, either of commission or omission, because the exact accident and resulting injury could not have been foreseen, and further, because no similar action is known to have taken place. It is almost unnecessary to observe that accidents happen in *232 inexplicable ways. The fact that no similar accident is known to have happened does not of itself, even if conceded, relieve defendant of the charge of negligence. It is definitely established that even the slightest dereliction of duty serves to fix liability on the owner and operator of taxicabs. In the light of the facts established in the instant case we have no difficulty in reaching the conclusion that the cab driver, despite his well-meant actions in assisting his passenger to alight, was responsible for an act of negligence in failing to close or to hold open the front door of the cab. There was nothing unusual in plaintiff’s actions, and certainly defendant has entirely failed to discharge the burden of proof.
On the question of quantum of damages the defendant complains of the allowance by the District Court of the sum of $250,' represented by the hiring of domestic help during the period when plaintiff was unable-to perform her household duties by reason, of the injury. It is submitted on behalf of defendant that a judgment for damages must rest upon definite and certain proof and not conjecture or speculation. This principle is well established, but we do not .find that there is any speculation in connection with the establishment of the claim to which objection is raised. Plaintiff testified that she was incapacitated with respect to performing her usual duties and that it was necessary for her to engage the services of a maid at a wage of $2.50 per day over a period of approximately four months. Plaintiff admitted that she did not keep books on this item, but she testified that- she knew she had .paid out as much as $250. There is no indication in the testimony that plaintiff’s claim was. unreasonable and no attack of any kind was made on this point. In the absence of any other proof, considering the straightforward, completely honest testimony of plaintiff herself, which we believe is entitled to full credence, there is no ground for reducing or disallowing the item questioned. Defendant also complains of the allowance of damages for the permanent stiffness of plaintiff’s middle finger, and in support urges that it is the substance of the testimony of plaintiff’s medical witness that the existing stiffness would heal up with ease. We do not so interpret the testimony and on the contrary as above observed, the witness specifically testified:
“Q. Would you say that she had some stiffness in the fingers ? A. In the middle finger.
“Q. Do you think that condition will be permanent? A. Yes, it will, never clear up entirely.”
For the -reasons assigned the judgment from which appealed is affirmed at appellant’s' cost.