GLADNEY, Judge.
This action is in tort for personal injuries incurred by a paying passenger on a trolley operated by the defendant. Plaintiff fell when she moved forward in the trolley for the purpose of making an exit from the front end, and as a result suffered severe injuries, including three fractured ribs, a spinal injury and thrombophlebitis.
It is charged that responsibility rests upon the defendant in the following particulars : the bus was being operated at an excessive rate of speed; that the operator, W. T. Friday, failed to observe plaintiff as *518 she was making her exit from the bus and failed to observe the exit signal; and that the operator violently applied the brakes and thus caused the trolley to swerve and slow down while traveling at a high rate of speed. The defendant counters by contending it should be held free from negligence, and, in the alternative, that plaintiff's own negligent acts contributed to her injuries in that she carried bundles in both arms which prevented her from holding to the side rails or steadying herself while the trolley was making the normal stop and, secondly, that plaintiff was wearing improper shoes, the heels of which were two inches high, and therefore, unsafe. The case was tried upon these issues and judgment rendered rejecting plaintiff’s demands, hence this appeal.
It is settled beyond controversy that where a passenger is not carried safely to his or her destination by the common carrier, a prima facie case of negligence is established against the carrier when the passenger shows injury while a paid passenger thereon, after which the carrier has the duty of proving itself free from negligence to overcome the passenger’s prima facie case. Also our courts have repeatedly held that a passenger assumes the risks “incident to the mode of travel” adopted, but such risks are only those which cannot be avoided by the carrier through the use of the utmost degree of care and skill in the management of the conveyance.
-The standard of care required of a carrier is qualified by the duty of a passenger not to contribute to such injury by any want of ordinary care. See: Baker v. Shreveport Railways Co., Inc., La.App. 1953, 68 So.2d 228, and authorities cited therein. It will thus be observed that the carrier’s liability is predicated on unusual happenings which produce unusual and violent jars, jolts, and lurches in the operation of its conveyance, which the operator or the person in charge of the conveyance could have anticipated and avoided through the use of proper care prior to the occurrence. The rule as stated in 13 C.J.S., Carriers, § 750, page 1410, is:
“It may constitute negligence that the train or car is so operated that, by jerking or jarring, passengers are imperiled who are properly conducting themselves with reference to their transportation, and the conveyance must be operated with regard to the situation of the passengers as known to, or as it should be known to, the employees in charge. Thus it may constitute negligence to stop a train or car with such suddenness and violence as to cause injury to a passenger, where there is no justification or excuse therefor. However, in order that the above rule may apply, the jerk or jolt must be unnecessary or unusually sudden or violent; such jerks and jars as are necessarily incident to the use of the conveyance, and are not the result of negligence, will not render the carrier liable for resulting injuries.”
The rule is stated similarly in American Jurisprudence, Volume 10, page 213, Section 1343. See also: Wooten v. Thompson, La.App.1953, 69 So.2d 557, and authorities cited therein. Thus when the foregoing principles are applied to the instant case, liability of the defendant for any injuries received by plaintiff while preparing to leave the moving trolley before it came to a stop at its destination must be solved in the light of the surrounding circumstances. It is first incumbent upon the defendant, if it can, to show by a preponderance of evidence its freedom from negligence. If it fails to discharge this burden plaintiff is entitled to recover for such damages as she may be entitled to, unless she be found guilty of contributory negligence.
Mrs. Harris testified she boarded the trolley at a down-town street stop in Shreveport for the purpose of being transported to Linden Street and Line Avenue on the late afternoon of January 6, 1953. She seated herself in one of the rear seats of the trolley, holding in her arms or carrying two wrapped bundles consisting of the base of a lamp and a paper lamp shade. She also carried a purse on her arm. The trolley proceeded on its journey and arrived at *519 the comer of Gladstone and Line Avenue, at which point a passenger in alighting sprained her ankle and there was some short delay before the bus proceeded toward Stephenson Street. She related that as the trolley reached the intersection of the latter street with Line Avenue, she rang the bell preparatory to alighting at the next corner, which would be Linden Street, and arose from her seat and moved forward for the purpose of making an exit out of the front entrance to the trolley; and that while engaged in moving forward a sudden movement of the bus caused her to lose her balance and violently threw her forward into the front of the bus, thereby causing the injuries of which she complains.
Besides her own testimony, she called to the witness stand W. E. Wheless, Jr., who testified as to her identity as a paying passenger and the manner in which plaintiff received her injuries. The witness stated, however, the bus made a normal stop and was not exceeding the usual speed. The only other witness called by plaintiff was Thomas B. Peyton, Jr., her employer, whose testimony related solely to earnings of plaintiff.
The defendant produced seven witnesses, including the operator of the bus, W. T. Friday, all of whom testified that there was no unusual stopping or sudden movements of the trolley as it came to a stop at Linden Street and Line Avenue when plaintiff suffered injury. These witnesses stated the bus made a usual, normal stop and that its speed was not excessive. The operator of the vehicle testified that the speed of the trolley was not in excess of twenty miles per hour at the time it began to slow down for the stop at Linden Street. He denied plaintiff’s testimony he was not observant of the bell signal given by plaintiff and did not observe her'as she prepared to make her exit from the bus.
Plaintiff established beyond question that she was a paying passenger on the Line Avenue bus and sustained injuries prior to being safely carried to her destination. In our opinion plaintiff has entirely failed to substantiate her charges of negligence in that the bus was being operated at an excessive rate of speed, and that the brakes were applied suddenly and violently as a result of which the vehicle made a sudden movement which caused plaintiff to lose her balance and fall. The preponderance of the evidence is that the brakes were not applied suddenly and that the trolley was brought to a normal stop. Nor does the evidence sustain a finding that the operator of the bus was derelict in observing the bell signal and watching plaintiff moving down the aisle preparatory to alighting from the trolley.
The carrier is not made the insurer of its fares and it is not incumbent upon the defendant to show the exact manner in which the plaintiff was injured while a passenger. All of the witnesses testified as to the packages' being carried by plaintiff and she readily admits that she was carrying upon her arms the lamp, its base, and a pocketbook which effectively required the complete use of plaintiff’s right arm and hand. It is contended, however,, that plaintiff’s left hand was free for the purpose of grasping the handle of the seat and that it was not negligence on the part of plaintiff to undertake to leave the trolley prior to its coming to a stop. Clearly, with but one hand free, plaintiff could only steady herself with the left hand, by moving it from seat to seat while the trolley was in motion. In all probability she lost her balance during one of these intervals when neither hand was being used for the purpose of steadying her body. ' It is our opinion, however, that defendant has fully exonerated itself of charges of negligence. The preponderance of the testimony fails to substantiate any tortious act on the part of the operator of the trolley. In the absence of any negligence by the defendant, plaintiff’s fall was likely caused by the failure of plaintiff to properly steady herself during her movements while the bus was in motion. Such action on her part, therefore, was the sole and proximate cause of her injuries.
It is unnecessary to comment upon the charge plaintiff was wearing improper shoes. Nonetheless, we observe the evi *520 dence entirely fails to indicate this was a contributing factor to the fall.
For the foregoing reasons the judgment from which appealed is affirmed, plaintiff to pay all costs, including cost of this appeal.