91 So.2d 428 (1956)
Mrs. Osle PETERS, Plaintiff-Appellee,
v.
CITY OF MONROE, Defendant-Appellant.
No. 8538.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1956.
Haynes L. Harkey, Jr., W. Ford Pipes, Jr., Monroe, for appellant.
George Fink, Monroe, for appellee.
HARDY, Judge.
This is an action for damages allegedly resulting from injuries received by reason of the negligence of the driver of a passenger bus owned and operated by defendant municipality. From the judgment, in favor of plaintiff, defendant has appealed, and plaintiff has answered the appeal, praying for an increase in the amount of damages awarded.
The facts are almost entirely undisputed. The defendant, City of Monroe, operates a passenger bus system, for profit, within the corporate limits of the municipality. *429 On the morning of April 1, 1955, plaintiff, Mrs. Osie Peters, was a fare-paid passenger on a bus of defendant, driven at the time by one O. C. Womack, an employee of defendant. On nearing her destination plaintiff signaled for a stop, which signal was heeded by the operator, and plaintiff stepped from the bus. Upon seeing the plaintiff step to the ground and move toward the rear of the bus, defendant's operator closed the door of the bus and set the vehicle in motion. Plaintiff was wearing a loose, ankle-length coat which was unbuttoned and trailed behind her down the steps of the bus. The operator closed the doors upon the trailing coat and as the bus started forward plaintiff was jerked to the ground and sustained the injuries which are the basis of this suit. It was definitely established that the end of plaintiff's coat was caught on the bottom step of the bus when the door was closed.
On behalf of plaintiff it is urged that the operator of defendant's bus was guilty of negligence in setting the vehicle in motion before he was certain that plaintiff was safe. To the contrary it is urged by counsel for defendant that the operator was not guilty of any negligence inasmuch as he saw Mrs. Peters safely step from the bus to the ground and, alternatively, that plaintiff was contributorily negligent. This contributory negligence is specified as the wearing of a
"lengthy, open, flapping garment so that it catches on part of the vehicle * * *."
Defendant contends that the bus driver was not guilty of any negligent action inasmuch as it was impossible for the driver to have observed that
"plaintiff had caught a corner of her coat under the right wing of the folded door as she was walking away from the bus."
We do not think this is a quite accurate observation of the facts. Plaintiff was not instrumental in the catching of her coat under the step of the door, but, rather, it was the action of the driver of the bus in closing the door which automatically folded the steps of the bus and caught plaintiff's coat before it had an opportunity to clear the vehicle. Nor do we think it was established that it was impossible for the driver to have observed the obvious fact that plaintiff's coat had not cleared the step of the vehicle. In any event, we think it is quite clear that it was the duty of the driver to make a careful observation and to be assured that plaintiff's wearing apparel, as well as her person, had completely cleared the vehicle.
The general principles of law which control this case are somewhat elementary. There is not the slightest question as to the legal proposition that the mere showing of injury of a fare-paying passenger on a public carrier establishes a prima facie case of negligence and imposed the burden of overcoming such a case upon the carrier. It is further established that public carriers, under our jurisprudence, owe the highest degree of care with respect to their passengers. Dickson v. Yellow Cab Company of Shreveport, Inc., La.App., 61 So.2d 230.
The facts in the Dickson case, cited supra, are somewhat analogous to the instant action, particularly the contention of the defendant that the driver of the taxi was not chargeable with the duty of reasonably foreseeing that a passenger alighting from a bus on the rear seat of a taxi cab would place her hand in such a position that it would be caught by the closing of the front door next to the driver's seat. This is almost the identical contention that is urged on behalf of defendant in the instant case to the effect that the driver of the bus should not be charged with the duty of reasonably foreseeing that a passenger's coat might be caught by the closing of the door of the bus if the passenger herself had safely alighted.
*430 Counsel for defendant relies upon the pronouncement of this court in the recent case of Harris v. Shreveport Railways Co., La.App., 83 So.2d 517, 518. The general rule relating to the assumption of risk was carefully restated in the Harris case, and it was clearly emphasized that the risks incident to the mode of travel adopted by the passenger are
"only those which cannot be avoided by the carrier through the use of the utmost degree of care and skill in the management of the conveyance."
In the instant case it is conclusively established that the operator of the bus could readily have avoided the accident if he had exercised anything approaching the utmost degree of care and skill.
It is also urged that the contract of carriage and the consequent relationship of carrier and passenger terminated, under the facts of the instant case, when plaintiff had safely descended from the bus and started walking away; citing Barringer v. Employer's Mutual Liability Insurance Co., La. App., 62 So.2d 173. Again the facts of the cited case are completely at variance with those which are here involved.
Nor are we impressed by the contended analogy of Hebert v. White Top Cabs, Inc., La.App., 8 So.2d 158, and Swank v. Jordan, La.App., 71 So.2d 636. The holding in the Hebert case was predicated upon a clear finding of contributory negligence, and, additionally, we point out the fact that there is considerable indication, in the opinion of the court, that plaintiff's injury may have resulted from the action of one of her fellow passengers and not from the action of the driver of the cab. As conceded in brief of counsel for defendant, the Swank case involved a guest passenger in a private auto and not a passenger for hire. However, the court based its judgment sustaining an exception of no cause of action on the fact that the dangerous condition had been created by the plaintiff herself in closing the door of the automobile on her own hand.
Under the facts of this case plaintiff was free from any act of contributory negligence. There was nothing dangerous in the length of the coat, nor was there any negligence on the part of plaintiff which contributed to the causation of the accident.
Alternatively, defendant complains of the amount of recovery allowed by the lower court in the sum of $2,500, plus medical expenses to the extent of $113. In support of this opposition to this allowance counsel complains that plaintiff failed to call the physician, who first attended her injuries after the accident, and other available witnesses. This point might be of some weight and entitled to serious consideration if the record reflected any reasonable doubt as to the nature of plaintiff's injuries and their effects. There is not the slightest controversion or refutation of the plaintiff's testimony as to the injuries, nor is the testimony of Dr. A. Scott Hamilton, an expert witness for plaintiff, disputed in any particular. Any conclusion to the effect that plaintiff had failed to prove her injuries and the nature and extent thereof is completely unjustified. In view of plaintiff's answer to appeal, seeking an increase in the amount of the judgment, we have carefully considered the evidence on this point. Our examination fails to disclose any justification for an increase, and we have concluded that the amount awarded is adequate.
For the reasons set forth the judgment appealed from is affirmed at appellant's cost.