JANVIER, Judge.
This is an action in tort. The little finger ■of the right hand of plaintiff was mashed when defendant, Herman Gaethe, shut the left rear door of his automobile as plaintiff, with his right hand, was holding the center post on which the door was hinged.
Alleging that defendant, Herman Gaethe, was negligent in shutting the door while his Rand was clasping the door post, plaintiff, Frank J. Albrecht, brought this suit against 'Gaethe, and his liability insurance carrier, All State Insurance Company, praying for solidary judgment against them in the sum ■of $4,897.81 made up of a claim for $4,500 for physical and mental pain, suffering, shock, etc., and the balance, to-wit $397.81, made up of medical expenses, loss of earnings, etc.
While .defendants admitted the occurrence of the accident, they denied that defendant Gaethe was negligent in closing the •door, and, in the alternative, they alleged that the proximate cause of the accident was the contributory negligence of Al-brecht himself in placing his hand in the •dangerous position in which it was, although he knew or should have known that .all of the contents of the car having been taken out, the doors would be shut by the •owner of the car.
Defendants, also in the alternative, averred that under the circumstances shown the plaintiff Albrecht was a borrowed employee of the defendant Gaethe and that, therefore, if there exists in plaintiff any right to recover, it is under our Workmen’s Compensation Law (LSA-R.S. 23:1021 et seq.) and not in tort under LSA-Civil Code, Article 2315.
Defendants further averred that in any event there exists in plaintiff no right to claim reimbursement for medical expenses since the defendant All State Insurance Company, because of a “medical coverage” clause in the policy of liability insurance, has already paid all medical expenses for which plaintiff was or could be liable.
In the Civil District Court for the Parish of Orleans there was judgment in favor of plaintiff solidarily against both defendants in the sum of $1,200, and there was further judgment fixing and taxing as part of the costs a fee of $50 for a medical expert. Defendants have appealed suspen-sively.
If plaintiff was a borrowed employee of the defendant Gaethe, and, as such, was engaged in work furthering a hazardous feature of the business of defendant, then there is no cause of action in tort since, in such cases, the recovery is exclusively under the compensation statute. Let us then determine just what the facts were.
Plaintiff Albrecht was manager of a retail clothing store operated on St. Charles Street, in downtown New Orleans, by Kar-no Brothers. Gaethe operated a somewhat similar establishment in another area in the business section of New Orleans, and it frequently happened that Gaethe would secure from Karno Brothers, through Al-brecht the manager, clothing to be put on sale in Gaethe’s establishment, and it also frequently happened that this merchandise, if unsold by Gaethe for any considerable •length of time, would be returned to Karno Brothers.
Gaethe owned a 4-door sedan automobile and used this car in transporting merchan *90 dise back and forth between his own establishment and that of Karno Brothers.
On the occasion of the occurrence of this accident Gaethe was returning merchandise from his establishment to Karno Brothers and had parked his automobile with its left side along the river side curb of St. Charles Street opposite the St. Charles Hotel and in front of the Karno establishment. Both of the left side doors of the car were allowed to swing open as Gaethe and Al-brecht unloaded the merchandise from the car, taking it into the Karno establishment. Apparently the unloading had been completed so far as the rear of the car was concerned, Albrecht himself conceding that he “presumed” that the rear portion of the car had been completely unloaded asserting, however, that there remained on the front seat alongside Mrs. Gaethe, who was seated on the right front seat, a small package and that he was attempting to remove the package when the accident occurred.
He can give no description whatever of the package nor of its size nor of what it contained, and whether there was any such package is doubtful. He says that he put his right knee on the front seat of the car, reached in with his left hand to pick up the package and then put his right hand around the center post of the automobile, the left rear door being at that time open, and that when Gaethe, having completed the unloading of the rear portion of the car, closed the rear door, his right little finger was caught in the crack on the hinge side of the rear door and was mashed so that one joint of his finger was broken. He says that he put his right hand from the outside of the car into this crack.
We are well convinced that Al-brecht did not become a borrowed employee of Gaethe. He was interested in unloading the goods because he was manager of the Karno establishment, and it was in the conduct of his work for Karno Brothers that he was hurt. Therefore, if he has a cause of action against Gaethe, it is in tort and not in workmen’s compensation.
We thus pass to a consideration of the question of whose negligence caused the accident. Was it negligence of Gaethe in closing the rear door without making certain that Albrecht’s hand was not between the door and the post or was it the negligence of Albrecht himself in placing his hand in that dangerous position?
When a suit is based on a charge of negligence and the defense is a denial of negligence and an alternative plea of contributory negligence, it is sometimes advisable to first consider the plea of contributory negligence, for if the facts lead to the conclusion that there was contributory negligence without which the accident would not have occurred, it is unnecessary to determine whether there was primary negligence in the defendant.
In Smith v. Illinois Cent. R. Co., 10 La.App. 342, 120 So. 405, appears the following:
“Before discussing the actions of defendant’s employees, it seems to us advisable to determine whether Smith himself was free from fault, because, whatever may have been the negligence of defendant’s employees, plaintiff cannot recover if Smith was guilty of any negligence which contributed proxi-niately to the accident.”
In Lehon v. New Orleans Public Service, Inc., 10 La.App. 715, 123 So. 172, 174, we said:
“Since we are of the opinion that the proximate cause of the accident was the negligence of the driver of plaintiff’s car, it will serve no good purpose to discuss the question of whether or not there was negligence on the part of the defendant, as the law is well settled that, where an accident is caused by the contributing negligence of a person injured, he cannot recover, notwithstanding the fact that tile other party may also have been at fault. Gibbens v. New Orleans Terminal Co., 159 La. 347, 105 So. 367; Townsend v. *91 Missouri Pacific R. Co., 6 La.App. 303; Brown v. [Texas & P.] Railroad Co., 42 La.Ann. 350, 7 So 682, 21 Am.St. Rep. 374.”
Also note the following in Woodall v. Southern Scrap Material Co., La.App., 40 So.2d 495, 496:
“ * * * it sometimes happens that evidence tending to show contributory-negligence seems to stand out predominantly, and in such cases it may be better to consider that evidence first because, if it appears that the true cause of the accident was the negligence or contributory negligence of the person injured or killed, then there can be no recovery regardless of whether there was or was not primary negligence chargeable to the defendant.”
It may have been negligence on the part of Gaethe to close the door when he did without looking to see whether Albrecht’s hand was in that dangerous position. We do not determine this. If Gaethe was negligent in slamming the door, his negligence, insofar as the proximate cause of the accident is concerned, played a part of infinitesimal importance when compared to the more causally connected negligence of Albrecht who unnecessarily placed his hand in a most dangerous position.
Gaethe’s closing of the door was the spontaneous act which almost anyone would have committed under the same circumstances. He had completed the unloading of the rear of the car and was stepping away from it with clothing in his right hand. As he left the car he turned to his right and, realizing that the open door must be shut, with his left hand he instinctively closed it. As we have already said, this was the natural instinctive act of anyone. If it was fault, it was not the proximate cause which, as we have stated, was the negligence of Albrecht himself.
Gaethe himself tells the story of the occurrence in the following words: “I went into the car to get the clothing out. My back was turned towards him (Albrecht) so when I went to move my clothes out I had to turn to the right, and getting away from the door with my left hand I closed the door.”
Albrecht says that he knew or presumed that the rear portion of the car had been unloaded and that he put his hand into the crack between the door and the post from the outside of the car. Albrecht should have realized that, since the doors of the car where hung out over the sidewalk of a busy business street, it was proper that they should be closed as soon as the unloading could be completed. Thus he should have realized that Gaethe would close the rear door. There was no necessity whatever for him to put his hand in the extremely dangerous position in which he placed it and we think that in doing so he was guilty of contributory negligence.
A diligent search by counsel of the jurisprudence of this State has brought to our attention only one case, the facts of which, to some extent, resemble those found here, Herbert v. White Top Cabs, Inc., La.App., 8 So.2d 158, 159. There two passengers alighted from a taxicab. One of them partially closed the door when the fingers of one hand of one of the passengers (plaintiff) extended over the top of a door between it and the top of the cab. It was alleged that, while plaintiff’s fingers were in that position, the driver of the taxicab completed the closing of the door, with the result that plaintiff’s fingers were injured. The suit was brought against the taxicab company and we held that, under the facts shown there, even if plaintiff’s story that the driver of the cab had completed the closing of the door was correct, there would have been no liability in the taxicab company. We said, as to plaintiff:
“she was contributorily negligent in extending her little finger into the very small opening left between the partially closed door and the body of the car.”
*92 There the defendant was a taxicab company and, as a carrier, admittedly owed to the plaintiff the highest degree of care.
Our conclusion is that the proximate cause of this accident was the negligence of plaintiff himself and that, as a result thereof, he should not he permitted to recover.
The judgment appealed from is annulled, avoided and reversed and plaintiff’s suit is dismissed at his cost.
Reversed.