AYRES, Judge.
In this ex delicto action plaintiff seeks to recover damages for personal injuries, pain and suffering, for medical expenses, *555 and for loss o*f earnings resulting from an alleged accident while a fare-paying passenger on one of defendant’s trolleys, September 11, 19S6. Negligence proximately causing the accident was charged to defendant’s operator-of the trolley in that (1) he was operating the trolley at an excessive rate of speed under the circumstances prevailing at the time and (2) in suddenly and abruptly applying his brakes with such force as to cause petitioner to be thrown against a vertical handrail or post in said trolley. That an accident occurred or that plaintiff was injured was particularly placed at issue by defendant’s answer, but, in the alternative, plaintiff was charged with contributory negligence (1) in walking towards the exit before the bus came to a stop, (2) in failing to use the handrail, and (3) in not maintaining a proper lookout.
From a judgment awarding plaintiff damages in the sum of $250, defendant prosecutes this appeal.
The issues present primarily questions of fact. At the time of the alleged accident, in addition to plaintiff and the driver of the bus, only one other passenger was aboard. Plaintiff’s version of the events preceding and leading up to the accident is that he boarded the trolley at the intersection of Milam and Market Streets in the City of Shreveport about 7:00 p. m., after which the bus proceeded south on Market Street and on to Youree Drive Extension; that when about a block away from his destination, while seated approximately six feet from the front of the trolley, he gave a signal of his intention to disembark at the next stopping point, then stood, adjusted his clothes and proceeded to the front of the bus, with his right hand grasping the vertical rail or post, awaiting the stopping of the bus; that the driver evidently failed to reduce his speed sufficiently so that the stop could be made in safety but that he suddenly and abruptly applied his brakes, violently throwing plaintiff against the post or vertical railing, stunning him and causing him to slide down the bar, but from which condition he sufficiently recovered to alight from the bus, after which, with much effort, he reached his residence, the second residence from the bus stop.
The driver denied that the bus was operated at a fast or reckless speed or that it was brought to a sudden or abrupt stop or that the occurrence of an accident was called to his attention until the following day when he was called by defendant’s claims investigator for a report thereon. Neither did the fellow passenger recall the occurrence related by plaintiff.
Plaintiff testified that he temporarily and momentarily “blacked out” by the impact of the blow in striking the iron railing or post but was able to leave the bus without assistance ; that on reaching his home he immediately retired to bed for the night without eating his evening meal, during and following which time and for about three days thereafter he suffered severe headaches.
On the following morning, after reporting late to his office, plaintiff sought the services of Dr. Fleeter Palmer, Jr., in an examination and treatment for bruises and contusions of the shoulder and chest. While most of plaintiff’s symptoms of complaint were subjective in nature, the Doctor was confident plaintiff was suffering real pain as his examination revealed tenderness to pressure over the affected areas. The plaintiff was under the Doctor’s care and treatment from September 12, 1956, to October 2, 1956.
As stated, the case exclusively concerns questions of fact. While the only testimony that plaintiff received accidental injuries is that of his own, it is equally true his testimony was not satisfactorily rebutted. The testimony of defendant’s witnesses is negative in character and the fact that they do not recall having observed any incident such as related by plaintiff is not, under the circumstances, surprising, inasmuch as plaintiff disembarked from the bus without making any complaint. Neither was there any circumstance of violence which might have attracted the attention of either the driver or of the fellow passenger. Never *556 theless, there does not appear any ground or sound reason for disbelieving the testimony of either plaintiff or that of his physician as to the cause, nature and extent of his injuries.
The jurisprudence is well settled that the mere showing of injury to a fare-paying passenger on a public carrier establishes a prima facie case of negligence and imposes upon the carrier the burden of overcoming such a case. Wallace v. Shreveport Rys. Co., La.App., 175 So. 86; Dickson v. Yellow Cab Co. of Shreveport, Inc., La.App., 61 So.2d 230; Harris v. Shreveport Railways Co., La.App., 83 So.2d 517; Peters v. City of Monroe, La.App., 91 So.2d 428.
We are, however, cognizant of and in accord with the rule that in a personal injury action by a passenger against a carrier, where there is no positive evidence except testimony of plaintiff, it is necessary to scrutinize carefully his testimony and to give thorough consideration to circumstances which may tend to disapprove his statements. Franklin v. Texas & P. R. Co., La.App., 35 So.2d 251; Ladmirault v. Bisso Ferry Co., Inc., La.App., 72 So.2d 8.
One of the factors relied upon by the defendant is the fact that on reaching the intersection where plaintiff was to leave the bus, it was necessary that the bus be driven from the main highway sharply to the right to an access or auxiliary road adjacent to the main highway and then again sharply to the left, where the stop was made within approximately 25 feet of the intersection. Instead of tending to disprove plaintiff’s version of the cause of the accident, particularly as to speed and the abrupt stopping, these maneuvers of steering the bus first sharply to the right and then immediately sharply to the left rather tend to support plaintiff’s version and could have very well precipitated the occurrence.
The general rule is that common carriers are bound to carry their passengers safely and securely and to use the utmost care and skill in the performance of their duties. They are responsible for any, even the slightest, negligence. Where a prima facie case has been established by plaintiff, the burden of proof is on the carrier to establish there has been no disregard of its duties and that the damage has resulted from a cause which human care and foresight could not prevent. Julien v. The Wade Hampton, 27 La.Ann. 377; Wallace v. Shreveport Rys. Co., supra, and the authorities therein cited. Such being defendant’s burden, we conclude, as did the trial court, that defendant has not sustained its burden. Neither does the evidence support defendant’s plea of contributory negligence. There is no evidence to support defendant’s position that plaintiff was not maintaining a proper lookout. Even though the accident occurred after dark, plaintiff was observing as the bus approached his residence, whereupon he signaled his intention of alighting therefrom, rose from his seat and walked to the front and, while awaiting the stopping of the bus, supported himself by holding to the vertical railing used for that purpose. In all of his aforesaid actions, plaintiff was following the custom and general practice, concerning which there was no rule to the contrary, and which practice tended to expedite the service by the prompt departure of the passengers from the trolleys.
The trial judge saw and heard the witnesses and observed their manner and demeanor while testifying. We find no manifest error in His Honor’s conclusions and judgment.
Accordingly, therefore, the judgment appealed is affirmed at appellant’s cost.
Affirmed.