REGAN, Judge.
Plaintiffs, Philip H. Sizeler and his wife, Conchita Sizeler, instituted this suit against the defendant, Southwestern Fire & Casualty Company, the personal liability insurer of P. J. O’Reilly, endeavoring to recover the sum of $3,093, representing damages and medical expenses incurred as the result of injuries sustained by Mrs. Sizeler when O’Reilly closed the door of a Stephens Buick Company limousine at a time when her fingers extended into the jamb of the door as she was attempting to alight from the vehicle.
The defendant answered and denied liability for the damages and in the alternative pleaded the contributory negligence of Mrs. Sizeler.[1]
From a judgment dismissing plaintiffs’ suit, they have prosecuted this appeal.
The facts are relatively undisputed. The large automobile in which the plaintiffs and O’Reilly were riding contained four rows of seats. There were four doors on each side to facilitate entrance and exit therefrom. Between the third and fourth row of seats there was a center post on'which the right rear door hung. The plaintiffs were seated in he third row of seats from the front; and O’Reilly and Hainkel, another passenger, occupied seats in the fourth or last row.
Upon reaching the intersection of Caron-delet and Gravier Streets, the vehicle stopped parallel to the curbing to allow passengers to alight therefrom. The occupants of the third and fourth row of seats prepared to get out of the right side of the vehicle. After Hainkel had gotten out of the vehicle, O’Reilly then got out. There was no one left on the rear row of seats. Almost simultaneously the Sizelers began to alight from the third row of seats through the third door to the sidewalk. Mrs. Sizeler grasped the doorpost to assist herself out of the vehicle. While her hand grasped the doorpost and her fingers extended into the jamb of the rear door, O’Reilly, closed this door, causing the injuries which form the subject matter of this suit.
In the course of the trial below Mrs. Size-ler testified that she knew that the back seat was occupied and that the occupants thereof were preparing to alight from the vehicle at approximately the same time that she was. She stated that she placed her hand upon the doorpost at which time her fingers extended into the jamb thereof when the door was open and after the passengers in the rear seat had already alighted.
O’Reilly testified that when he alighted from the vehicle with Hainkel, he did not observe that Mrs. Sizeler had placed her fingers in the doorjamb and only became aware of the accident after he had closed the door at which time he heard Mrs. Size-ler “scream.”
*748 The defendant insurer insists (a) that 'the terms of its comprehensive personal liability policy which it had issued to O’Reilly did not afford coverage for this accident and (b) in the alternative pleaded the contributory negligence of Mrs. Sizeler.
Plaintiffs on the other hand insist that the terms of the contract of insurance existing between defendant and O’Reilly afforded coverage herein and that O’Reilly’s negligence was the proximate cause of the injuries incurred by Mrs. Sizeler.
We pretermit a determination of whether the comprehensive personal liability policy issued by the defendant to O’Reilly covered this accident for the reason that an examination of the record discloses such negligence as would render the plaintiffs’ efforts to recover damages herein ineffectual.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.
In a relatively recent case decided by this court[2] we asserted:
“It may have been negligence on the part of Gaethe to close the door when he did without looking to see whether Albrecht’s hand was in that dangerous position. We do not determine this. If Gaethe was negligent in slamming the door, his negligence, insofar as the proximate cause of the accident is concerned, played a part of infinitesimal importance when compared to the more causally connected negligence of Al-brecht who unnecessarily placed his hand in a most dangerous position.
“Gaethe’s closing the door was a spontaneous act, which almost anyone would have committed under the circumstances. * * * ”
We believe that the rationale expressed hereinabove fully encompasses these facts. If O’Reilly was negligent in closing the door when he did, his negligence insofar as it related to the proximate cause of the accident was of little importance when compared with the more causally connected negligence of Mrs. Sizeler, who unnecessarily placed her fingers in a most dangerous position, the jamb of the vehicle’s door.
We are therefore of the opinion that the proximate cause of this accident was the negligence of plaintiff, Mrs. Sizeler, and as a result thereof, she should not be permitted to recover.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. The defendant also filed a third party complaint against Employers’ Liability Assurance Corporation, the liability insurer of Stephens Buick Company, which was dismissed. .No appeal .was taken from the dismissal of the 'third party complaint; thus that phase of the matter is not posed for our consideration.

. Albrecht v. Gaethe, La.App.1957, 97 So. 2d 88, 91.