REGAN, Judge.
Plaintiff, Joseph H. Tolivar, the owner and operator of a passenger vehicle, instituted this suit against the defendants, Alex and Albert Semel, doing business under the trade name of A. Semel Cleaners, and Frank Pursell, the operator of their laundry truck, endeavoring to recover the sum of $8,865, representing personal injuries, loss of earnings and property damages incurred as the result of a collision between the respective vehicles on September 23, 1955, at 8:05 P.M. in or near the intersection of St. Charles Avenue and Philip Street.
American Bankers Insurance Company of Florida, plaintiff's collision insurer and subrogee, intervened endeavoring to recover the sum of $298.61, representing the amount paid for damages to his automobile.
Defendants answered and denied liability for any damages resulting from the collision and asserted that the proximate cause of the accident was the gross negligence of the plaintiff; in the alternative defendants pleaded both the contributory negligence of plaintiff and that he possessed the last clear chance of avoiding the accident.
From a judgment in favor of defendants dismissing both plaintiff’s suit and the intervention, plaintiff has prosecuted this appeal.
The plaintiff testified that prior to the collision he turned into the left lane of the lakeside roadway of St. Charles Avenue from Jackson Avenue and accelerated to a speed of approximately 20 miles per hour; that when he reached the intersection of Philip Street he collided with the rear of defendants’ truck; that he never observed the defendants’ laundry truck before the collision actually occurred. He remembers nothing thereafter since he was rendered unconscious as a result of the accident.
On the other hand, the operator of defendants’ truck related that he had emerged from the driveway of the Georgian Apartments, which are located in St. Charles Avenue, and drove into the traffic lane nearest the neutral ground and after manifesting the appropriate hand signal he began to initiate a left turn into Philip Street when his vehicle was struck in the rear thereof by the plaintiff. He likewise asserted that he never observed plaintiff’s vehicle before the occurrence of the collision.
Several witnesses appeared and testified on the trial hereof, who apparently proved to be of very little aid to the trial judge, since they frankly admitted that they actually did not see the occurrence of the collision.
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration; the judge thereof, we believe, concluded from the evidence adduced herein that the plaintiff was guilty of negligence which contributed to the cause of the accident.[1]
The question which this appeal has posed for our consideration is whether that find *207 ing of the trial judge is so unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony contained in the record or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred.
The trial judge concluded that the facts disclosed the existence of contributory negligence on the part of the plaintiff in the absence of which the accident would not have occurred; and our analysis of the record convinces us that the evidence preponderates to this effect, and the judgment is therefore correct.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Sizeler v. Southwestern Fire & Casualty Co., La.App.1958, 105 So.2d 746.