REGAN, Judge.
Plaintiffs, Matt and Anna Zibilich, instituted this suit against the defendant, National Food Stores of Louisiana, Inc., endeavoring to recover the sum of $15,393.-44, representing damages and medical expenses incurred as the result of injuries sustained by Mrs. Zibilich on December 2, 1957, when an employee of the defendant closed the door of her automobile at a time when her left index finger extended into the jamb of the door.
Defendant, assuming the position of third-party plaintiff, then filed a complaint against third-party defendants, Lumberman’s Mutual Insurance Company of Indiana, plaintiffs’ automobile liability insurer, and the Travelers Insurance Company, its own liability carrier. The cross-complaint against Lumberman’s Mutual was filed on the hypothesis that defendant’s agent was using plaintiffs’ automobile when the accident occurred and, therefore, plaintiffs’ insurer was ultimately liable. The suit against the second third-party defendant was dismissed on motion of the defendant and therefore, this phase of the appeal is not posed for our consideration.
*292 Defendant then answered and denied liability for the damages, and in the alternative, pleaded the contributory negligence of the plaintiff, Mrs. Zibilich. • '•
Third-party defendant, Lumberman’s Mutual Insurance Company of Indiana, pleaded the exceptions of no right or cause of action, which were referred to the merits.
From a judgment in favor of the defendant,[1] dismissing plaintiffs’ suit and dismissing defendant’s third-party complaint, plaintiffs have prosecuted this appeal. Defendant, out of an abundance of caution, has also appealed from that part of the judgment dismissing its third-party complaint against plaintiffs’ insurer.
The facts are relatively undisputed. When plaintiff had completed shopping at the National Food Store, located in the Gentilly shopping center, she requested the assistance of a “bundle boy” to remove her packages from the store to her automobile and then load them therein. The employee, Allen Owen, opened the rear door on the left side of the automobile and placed the bundles in her vehicle. Plaintiff was standing nearby watching the boy and as the door was opened she unfortunately placed her left hand on the center post and unconsciously extended her left index finger into the door jamb. The employee slammed the door after completing his task and Mrs. Zibilich’s finger was partially amputated as a result thereof.
Counsel for plaintiffs contend, in substance, that the negligence of Mrs. Zibilich in placing her finger in the door jamb should not bar recovery for the reason that the defendant’s agent was obligated to observe plaintiff’s peril; therefore, under the doctrine of last clear chance, tire defendant is liable for her injuries.
Defendant simply relies upon the well-settled jurisprudence of this state in maintaining that plaintiff’s gross negligence was the proximate cause of the unfortunate accident.
In determining what is negligent conduct, we have had occasion to say repeatedly that there is no fixed rule; the facts and environmental characteristics of each case must be considered and treated individually in conformity with the true civil law concept. Judicially we are tending more and more toward an appreciation of the truth that, in the final analysis, there are few absolute rules of negligence; there are principally standards and degrees of negligence for the reason that no one is so gifted with foresight that he or she could anticipate every possible legal cause for personal injury and prescribe the proper rule for each.
We believe, however, that the rationale expressed by us in several relatively recent cases[2] fully encompasses the individual facts of this case. If defendant’s agent was negligent in closing the door when he did, his negligence, insofar as it related to the proximate cause of the accident and the resulting injuries, was of little importance when compared with the more causally connected negligence of the plaintiff, who unnecessarily or erroneously placed her finger in a most dangerous position, the jamb of the vehicle’s door; but error is not inconsistent with fault and this is too well-settled to require citation in support thereof.
Plaintiffs’ counsel have, in effect, asserted that this case is distinguished from the foregoing rationale in that defendant’s employee possessed the last clear chance to avoid injuring the plaintiff. If this were true, obviously the foregoing rationale *293 would be inapplicable to the facts hereof, but the evidence contained in the record very clearly fails to support this contention.
We are, therefore, of the opinion that the proximate cause of the accident was the negligence of the plaintiff, Mrs. Zibilich, and as a result thereof, she should not be permitted to recover.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. This case was tried before a jury, who could not agree on a verdict; therefore, the respective litigants agreed to submit the case to the trial judge for decision.

. Sizeler v. Southwestern Fire and Casualty Company, La.App.1958, 105 So.2d 746; Albrecht v. Gaethe, La.App.1957, 97 So. 2d 88; Hebert v. White Top Cabs, La. App.1942, Inc., 8 So.2d 158.