JANVIER, Judge.
This suit results from an intersectional collision. We are convinced of the correctness of the finding of the District Judge and we therefore set forth his reasons for dismissing the suit of plaintiff:
“Plaintiff seeks to recover property damage to his automobile and for personal injuries sustained in an accident on January 17, 1959, about 6 p. m., at the intersection of North Claiborne Avenue and Ursuline Avenue.
“The collision was between an automobile driven by plaintiff and a Cadillac sightseeing 7-passenger automobile driven by Johnny Rodwell as agent for Mrs. Mary O’Masta, owner, with the Nola Cabs, Inc., defendant, as insurer. The Cadillac was proceeding on Ursuline Avenue in the direction of the river and the automobile of plaintiff was proceeding on North Claiborne Avenue travelling towards Canal Street.
“Ursuline Avenue is a wide avenue, separated by a small neutral ground 4 feet wide and about 8 inches high; each roadway being 25 feet, 8 inches wide. North Claiborne Avenue is likewise a 2-lane highway, each lane measuring 31 feet wide, separated by a neutral ground about a foot high and about 50 feet wide. The accident occurred in the intersection of the lane of Ursuline Avenue nearest Canal Street and in the North Claiborne Avenue lane nearest the lake.
“Plaintiff charged that the defendant’s driver was guilty of negligence in entering the intersection without stopping in obedience to a stop sign controlling traffic on Ursuline at an excessive rate of speed.
“Defendants deny the allegations, allege that defendants’ driver stopped at the intersection, and proceeded into' North Claiborne, when he was struck by the automobile of plaintiff.
“The only two witnesses to the accident were plaintiff, as driver of his automobile, and defendant (Rodwell) as the driver of the Cadillac.
“Plaintiff bears the burden of proof, which he failed to sustain as his testimony was so confused and contradictory, both with respect to how the accident happened and the injuries he sustained, that I am convinced that he doesn’t know how the accident happened, and was paying no attention to what was going on until the moment the accident happened.”
We thoroughly agree with this conclusion, and we also feel certain that if there was any negligence on the part of *925 the driver of the other car, there was also negligence on the part of plaintiff, and there is a special alternative plea of contributory negligence. If there was such negligence and but for it the accident could not have occurred, this would defeat the claim of plaintiff even though the driver of the other car may have been to some extent at fault. Albrecht v. Gaethe, La.App., 97 So.2d 88, and cases cited therein. See, also, Sizeler v. Southwestern Fire & Casualty Company, La.App., 105 So.2d 746.
The accident occurred just before six o’clock in the late afternoon and both roadways were congested by heavy traffic. To plaintiff’s right there was a line of cars which had been stopped because of other stationary vehicles and plaintiff, instead of making certain that it was safe for him to pass alongside this stationary traffic, continued forward at a speed of at least 25 or 30 miles per hour. In his written statement he had said that his car was moving about 35 miles per hour. Obviously he did not see the other car until a moment before the impact. As a matter of fact, he did not know when he first saw. the other car. At one point in his testimony, referring to the other car, he said:
“ * * * I seen it coming at a tremendous speed but I know there’s a stop sign there and it was a dead end, do not enter on the other side of Claiborne, and I figured he was going to turn and other cars was passing by me. * * * ”
Then, having thus stated that he saw the car for unite sometime before it reached the intersection, later in his testimony he said:
“I didn’t see it until it was coming across the street, I seen it I’ll say about a second.”
In view of the congested traffic and plaintiff’s confusion as to what he did or what he saw, we are certain that plaintiff himself could have avoided the collision had he, to any extent, attempted to determine whether it was safe for him to drive across the intersection. His negligence in this regard defeats his claim.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.