GUY E. HUMPHRIES, Jr., Judge.
This is an appeal by defendants-appellants, Checker Cab Co. of New Orleans and H. J. Nuss, from a judgment adverse to their interest. The trial court awarded judgment in favor of plaintiffs and against defendants in the sum of Eight Hundred Seventy-six and OQ/100 ($876.00) Dollars. The lower court further allowed Dr. Joseph M. Brocato an expert witness fee of One Hundred and 00/100 ($100.00) Dollars and cast defendants for all costs.
One of the plaintiffs, Mrs. Rooker, was a passenger in a taxi owned by the Checker Cab Co. and operated by H. J. Nuss. Upon the taxi arriving at Mrs. Rooker’s residence, she paid the operator without him leaving his position behind the wheel. She then took leave of the taxi by way of the left rear door. The testimony is in conflict as to whom actually opened and closed the taxi door, Mrs. Rooker or Nuss. However, it is undisputed that as Mrs. Rooker stepped out of the left rear door, it slammed violently on her right thumb. Plaintiffs contend that as Mrs. Rooker stepped away from the taxi with her right hand extended slightly behind her, Nuss, while still seated, slammed the left rear door, thereby catching her right thumb between the jam and the door. Defendants assert that Nuss did not close the taxi door and contend that Mrs. Rooker slammed the door on her own hand. Defendants also urged that should Nuss be found guilty of negligence, then Mrs. Rooker was con-tributorily negligent in holding her hand im or near the door jam while it was being closed.
In cases such as this involving questions of fact, an appellant court must affirm the judgment of the trial judge unless, there is manifest error in his conclusions of fact. Ferguson v. Belcher & Son, 230 La. 422, 88 So.2d 806; Bindewald v. Gurtler, Hebert & Co., Inc., 112 So.2d 746. (Orleans Ct.App.)
This case below turned primarily on the credibility of two of the litigants-as they were the only witnesses to the accident. Undoubtedly the trial judge was in a better position to accurately weigh the credibility of the witnesses than are we who see only a printed record. The trial judge accepted the version of the accident as given by plaintiff and the record does not reveal that he manifestly erred.
In addition to the testimony of the plaintiff, the action of the taxi driver immediately after the incident supports the plaintiff’s contentions. The testimony of Nuss-reveals that the following transpired:
“A. She said ‘you closed the door on my fingers.’ I didn’t say anything. Then she said ‘let me have your name and address.’ I gave her my name and the cab number.”
“Evidence of silence is admissible-as evidence of an admission where the silence is improper or unnatural.” 31 C.J.S. Evidence § 294, p. 1057, Oliver v. Louisville & N. R. Co., 43 La.Ann. 804, 9 So. 431. If a statement is made by another person in the presence of a party to the action, containing assertions of fact which, if untrue, the party would under all the circumstances naturally be expected to deny, his silence is inferential evidence of the truth of the statement and is thus receivable against him as an admission of such assertion of fact. McCormick, Evidence,, Admissions S 247 p. 528.
*633 We believe that, under the circumstances, when the charge was made by Mrs. Rooker, if it were untrue, Nuss would have denied it. Therefore, his failure to do so leads to the presumption that the statement is true, and this evidence supports the plaintiffs’ contention.
In support of their position that the contributory negligence of Mrs. Rooker bars recovery herein, counsel has cited several cases to the effect that when one places his hand into an automobile door jam and is injured when the door is closed by another, said person’s negligence in so placing his hand is the proximate cause of the accident. Hebert v. White Top Cabs, Inc., 8 So.2d 158, (Orleans Ct.App.); Albrecht v. Gaethe et al., 97 So.2d 88, (Orleans Ct.App.); Sizeler v. Southwestern Fire & Casualty Co., 105 So.2d 746, (Orleans Ct.App.); Zibilich et ux. v. National Food Stores of La., Inc., 120 So.2d 291, (Orleans Ct.App.)
We agree with counsel’s pronouncement of the jurisprudence, but it is to be noted that in each of the aforementioned cases there was evidence that the plaintiff had in fact placed his hand in a dangerous position.
In attempting to rationalize the present case and apply to it the principles enunciated in the authorities cited above, we are immediately faced with a difficulty arising from the failure of the evidence to establish the fact that plaintiff did put her hand in a precarious position. Certainly the occurrence of the accident is not of itself sufficient to warrant the conclusion that Mrs. Rooker was guilty of contributory negligence. We therefore find no merit to defendant’s charge of contributory negligence on the part of Mrs. Rooker.
Both defendants and plaintiffs have expressed dissatisfaction with the quantum of damages awarded by the trial judge.
It is well established that there is no set formula or equation to use in establishing a proper award for personal in-juries, but each case must be decided on its own peculiar and particular facts. Muller et ux. v. Herrin Motor Lines, Inc. et al., 184 So. 406 (Orleans Ct. of App.); Griffith et al. v. Yellow Cab Co. of Shreveport, Inc., 123 So.2d 769. (2nd Cir.Ct. of App.) Unless the allowance of the district court is substantially out of line with other awards made in previous adjudications involving similar injuries, the Court of Appeal is not disposed to either increase or decrease the award.
A comprehensive analysis of the evidence and the Louisiana jurisprudence convinces us that the lower court did not err in its judgment as to the quantum of damages to which plaintiffs are entitled.
Defendants further submit that taxing as costs the fee of Doctor Brocato in the sum of One Hundred and 00/100 ($100.00) Dollars was erroneous. In support of this contention, counsel for appellants site the case of Cavalier v. Nola Cabs Inc. et al., 96 So.2d 102, (Orleans Ct.App.) in which the court said:
“We are of the opinion that when a doctor of medicine, who has previously been consulted by the patient for the purposes of diagnosis and treatment, subsequently testifies on behalf of the plaintiff, merely to relate a detailed account of his treatment as attending physician, he is not entitled to compensation as an expert witness in conformity with the provisions of law made and provided therefor.”
R.S. 13:3666 reads as follows:
“Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of the time employed and the degree of learning or skill required.”
We believe that the testimony of Doctor Brocato brings him within the purview of *634 this statute. He not only testified to his actual treatment of plaintiff but rendered opinions on the type of injury sustained by her and opinions as to the prognosis. His opinion evidence is clearly shown in the record, and he is entitled to renumeration for such services as awarded by the trial court.
We find no manifest error in the judgment of the lower court as to the factual situation and, accordingly it is affirmed, at the cost of appellants.
Affirmed.