McBRIDE, Judge.
This is a suit by plaintiff against the insurer of his brother’s automobile for damages sustained when plaintiff’s hand was injured by the closing of a door of the automobile by plaintiff’s brother. After a trial below, the suit was dismissed and plaintiff has appealed.
Defendant’s answer denies negligence on the part of its insured and, alternatively, charges plaintiff with contributory negligence.
The trial judge gave brief written reasons for judgment which succinctly set forth the facts of the case and his appreciation of the law applicable. We approve the reasons and adopt the following portion thereof as part of this opinion:
“The facts are not in dispute. Lance Baudin was sitting in the driver’s seat of his two-door, hardtop automobile, preparatory to leaving after visiting with his brother, the petitioner herein. The plaintiff rested his left hand on the door post (jamb) of the automobile, when he leaned into the car to play with his niece on the rear seat. The driver slammed the door, causing the injury complained of. Admittedly, the door was closed, without any prior warning, in a normal manner. The evidence does not reflect that any necessity existed for the plaintiff to place his left' hand in the position which he did.
“Under the prevailing jurisprudence of this State, in the absence of any willful intent to injure or the knowledge that it was necessary for the individual to place his hand in the jamb of the car’s door, no recovery can be had for any injury resulting from a reasonable closing of the door. The Appellate Courts have determined that the action of unnecessarily placing one’s hand in the dangerous location of the jamb of a vehicle’s door is contributory negligence that bars recovery, since it is the primary negligence that is more directly related to and most efficiently contributed toward the occurrence of the injury.”
Under the jurisprudence plaintiff’s negligence in placing his hand in a position of danger must be deemed to have been the proximate cause of the accident. See Zibilich v. National Food Stores of Louisiana, Inc., La.App., 120 So.2d 291 (cert. den.); Sizeler v. Southwestern Fire & Casualty Company, La.App., 105 So.2d 746; Albrecht v. Gaethe, La.App., 97 So.2d 88 (cert. den.), and Hebert v. White Top Cabs, Inc., La.App., 8 So.2d 158, all decided by this Court.
Cited on plaintiff’s behalf are several cases in which damages were allowed to a person whose hand was injured by the closing of an automobile door, namely: Rooker v. Checker Cab Company of New Orleans, Inc., La.App., 145 So.2d 631; Taylor v. Firemen’s Insurance Co. of Newark, N. J., La.App., 139 So.2d 782; Dickson v. Yellow Cab Co. of Shreveport, La.App., 61 So.2d 230; Kimbrell v. American Indemnity Co., La.App., 56 So.2d 880 and Moore v. Davis, La.App., 196 So. 566. However, each of those cases is clearly distinguishable from the instant one in that certain circumstances, not present here, rendered the person closing the door solely at fault.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.