REDMANN, Judge.
Defendant appeals from a judgment for an 83-year-old passenger who fell as a streetcar started up immediately after she boarded, before she had time to get to the nearest seat.
Defendant argues that plaintiff was in good health; that the streetcar is equipped with rods passengers can hold; that there was no substance on the floor; that (according to several witnesses) the streetcar did not start with any unusual jerking motion; and that the carrier is not [we add, ordinarily] liable for normal movement of transit vehicles (citing Harris v. Shreveport Rwys. Co., La.App., 2 Cir. 1955, 83 So.2d 517). We nevertheless conclude that it is within the province of the trial judge to determine, from seeing the 83-year-old plaintiff, that a reasonable operator of a streetcar should have foreseen her need for special consideration and, in the exercise of the care due to the passenger, should have waited for her to reach the nearest seat before starting. We agree with plaintiff that this case is controlled by the principle of Baptiste v. Washington, La.App., 4 Cir. 1978, 359 So.2d 1122, writ refused 360 So.2d 1177.
On plaintiff’s answer to the appeal, we find no abuse of the trial judge’s discretion in awarding $8,000 general damages for a painful broken arm with surgical repair and residual disability in an 83-year-old.
Affirmed.