DORÉ, Judge.
This suit arises out of an intersectional collision which occurred on November 16, 1940 in the 'City of Lafayette, Louisiana. The collision was between a DeSoto sedan automobile being driven in a northerly direction by its owner, Otis Broussard, on Johnston Street, a paved street about 4ff wide running north and south, and'a truck owned by Frank Janin and being driven by his driver in the course and scope of his employment, in an easterly direction on Vermilion Street, a black top street also about 40' wide.
As stated above, the accident occurred on November 16, 1940, and suit was filed on November 6, 1941 on behalf of the plaintiff Otis Broussard for personal injuries and on behalf of his insurer for its part of the damage paid to Otis Broussard under a collision policy and against Frank Janin, owner of the truck and the insurer of Frank Janin. An answer was filed by the defendants within legal delays and the suit remained untried for a period of nearly 10 years. Prior to the expiration o-f the first 5 year period, counsel for plaintiffs moved to have the case set for trial but did not take it up. During the spring of 1951 counsel for defendants had the case assigned for trial.
The two original defendants, Frank Janin (now deceased) and his public liability insurance carrier, Massachusetts Bonding and Insurance Company, denied liability on the grounds (1) that no negligence existed on the part of the defendant’s truck driver, which was the proximate cause, of the injuries sustained by the plaintiff; and (2) in the alternative, that the contributory negligence of the plaintiff precluded his recovery. The plaintiff’s negligent acts were alleged as follows:
(a) Operating his automobile at a fast, illegal and excessive rate of speed while entering and crossing the intersection with East Vermilion Street;
(b) Failing to keep his car under proper control;
(c) In not maintaining a proper lookout for automobiles or other vehicular traffic approaching the intersection with Johnston Street in an easterly direction;
(d) Attempting to enter the intersection with East Vermilion Street after defendant’s truck had already entered the intersection and at a time when it was impossible for the driver of the truck to avoid a collision;
(e) Failing to see the approaching truck, or if he did see said truck, as he *198 should have, in failing to take proper precautions to avoid the collision;
'(f) Failing to see the approaching truck, or if he did see the truck, as he should have, in leaving a place of safety to attempt crossing the intersection;
(g) Failing to bring his automobile to a full stop before proceeding across East Vermilion Street;
(h) Proceeding into the intersection with East Vermilion Street without first coming to a stop, and at a fast and illegal rate of speed, despite the fact that his view on East Vermilion Street was obstructed by the building situated on the southwest corner.
After trial of the case the lower court rendered judgment in favor of the defendants dismissing the claim of the plaintiffs at their costs. The plaintiffs have appealed.
The case involves strictly a question of facts and unless we can find manifest error in the conclusion of facts arrived at 'by the trial judge it is fundamental that the judgment should be affirmed.
The trial judge correctly states that the truck was proceeding easterly on Vermilion Street and the automobile was proceeding northerly on Johnston Street and that after the collision the automobile was found some 40 north of the northeastern intersection of Vermilion Street against a post; that the driver of the truck was alone and the driver of the car was alone. The driver of the truck testified that he was proceeding about IS miles an hour and the driver of the car states that he was proceeding about 20 miles an hour. It may be noted that since the truck was proceeding to the left of the automobile the driver thereof was supposed to have the right of way, but, on the other hand, by City Ordinance, Vermilion Street was a right of way street. Be that as it may, both vehicles approached the intersection obviously without keeping a proper lookout for traffic and especially both were negligent in doing so in view of the fact that a building located on the southwest corner of the intersection rendered it impossible for either driver to see oncoming traffic except by exercising extreme caution which obviously neither did.
The trial judge makes the following pertinent observations, which we quote with approval :
“The testimony of the two witnesses, of course, are in contradiction, serious contradiction, and where you have testimony of this kind from two witnesses who are the drivers of the respective cars, the Court must rely in a large measure upon the physical facts which are shown by the actions of the two vehicles after the accident. It is shown that the truck came to rest in the intersection. The truck was much heavier than the car, it is true, but the truck was not loaded at the time of the accident. The car, after coming in contact with the truck, did not turn over, but continued in the direction in which it was going, but it inscribed a most unusual course in coming to its final rest. From the skid marks on the roadway, testified to by all, not contradicted in any respect, it would appear that the car went counter clockwise in reaching the forty-eight feet to the post from the point of contact, forty feet from the corner. There is testimony that the car went backwards from the brake marks.
“There is an elementary principle that a body moving in one direction will tend to continue in that direction unless it comes in contact with some outside force. The Court cannot bring itself to feel that if that car was going twenty miles an hour and was struck on the side by the truck that the truck would remain at the point of contact, that the car would perform the antics that the plaintiff’s car did in this case, turning clockwise one complete turn around, going beyond the point after striking the post, it seems there was considerable momentum in the car even at the point where it struck the post.
“Now, the explanation that the plaintiff seeks to give is that he was knocked unconscious when his car was *199 struck and, therefore, he may have fallen on the accelerator rather than falling on his brake.
“Now, the Court cannot conceive that the momentum was not in the car before. If that truck had been proceeding as plaintiff alleges in his petition, at an excessive rate of speed, striking the passenger car going twenty miles an hour, the truck would have the tendency to take the car in the direction in which it was traveling.
“Now, there is further support to this theory of the physical facts, which the Court relies upon, in photographs that were shown and introduced in evidence. The front of the truck is not pushed inward, but instead the grill on the radiator o'f the truck is pulled to the left in the direction in which the plaintiff’s car was going. There is also evidence in pictures offered by plaintiff of the condition of plaintiff’s 'car after the wreck; the plaintiff’s car was stripped from just the point from the front fender where it reached the front door to the rear, indicating that the car went through with considerable speed.
“Now, the Court does not think that the truck is entirely without fault. The Court thinks that the truck driver was guilty of negligence in his approach to that intersection. It was a blind intersection. The city ordinance provided that Vermilion Street has the right-of-way, is the right-of-way street. Attention is called by the .plaintiff that the plaintiff was on a state highway and, therefore, the city had no right to grant a right-of-way over a state highway. The Court has disposed of that issue by determining that both cars had violated the right to claim the right-of-way by their careless negligence in entering into the intersection by their excessive speeds. The plaintiff was seriously injured and incurred considerable expenses, but the Court cannot place a premium on the carelessness of the driver because he has received injury as a result of his negligence.
“The 'Court concludes that the negligence of the plaintiff in the case was a contributory factor to the accident, and therefore, renders judgment. dismissing plaintiff’s suit at his cost, against both claims.”
We cannot find any manifest error in these findings of fact and the judgment below is therefore affirmed.