JANVIER, Judge.
This is a suit by a subcontractor against the general contractor for a balance alleged to be due to the subcontractor for the carrying out of the work undertaken by him under the contract.
The defense urged is that the work of the subcontractor was not properly done and that, as a result, certain remedial work was necessary, which work was done at a cost to the general contractor of an amount greater than the remainder which would have been due to the subcontractor had his subcontract been properly executed.
The defendant, the general contractor, not only denied liability to the subcontractor for the amount sued for but sought judgment .for the additional amount required to correct the defects.
From a judgment in favor of the subcontractor for the amount sued for and dismissing the reconventional demand, the general contractor has appealed.
The general contractor, Gurtler, Hebert & Company, Inc., hereinafter referred to as Gurtler, was employed by Shell Oil Company to remodel an automobile service station in the Parish of Jefferson. The contract required the installation of certain gasoline ■ and oil tanks and the necessary piping below the ground -surface, the “back-filling”- of the trenches and other portions of this excavation and the laying of concrete over the area in which the tanks and piping were to be installed. The subcontract contained specifications as to how the work was to be accomplished, how the back-filling was to be done, etc. We understand that backfilling is merely.the replacing of the material necessary to -fill the excavations. Among those specifications was a requirement that the backfilling “shall be done in 9-inch deep layers, wetted down and well tamped before the succeeding layer is installed.”
While it is not made certain whether this was done properly in layers, or whether each layer was properly tamped as required, *747 it is' made certain that the layers were not wetted down as the subcontract required.As a result the general contractor undertook to remedy this situation by flooding the backfilling to such an extent that the entire area for several hours was flooded and with the further result that for many days the entire area which had been' excavated and which was being refilled was a mass of mud.
There is no doubt that after the work was completed and the area was surfaced with concrete, subsidence took place to such an extent that it was necessary to remove the original concrete, to add material to the excavation and to then resurface the area with new concrete.
Gurtler called upon Bindewald to do this and on the refusal of Bindewald, Gurtler corrected the defect at a cost which was in excess of the unpaid balance on the sub■contract.
The sole question which is presented for our determination is whether the defect was due to failure of Bindewald to properly car.ry out the specifications' of the subcontract or whether it was due to fault on the part of Gurtler in interfering with the work which Bindewald was doing by himself flooding the backfill - when he found that Bindewald had not wetted it down in ac7 cordance with the requirements of the contract and of the subcontract.
The District Judge concluded that the cause of the subsidence was the fact that Gurtler had himself undertaken to correct the defect by flooding the backfill and had thus assumed responsibility for the job. We quote the following from the reasons given by the District Court:
“ * * * If the defendant was not-satisfied that the work under the subcontract was properly completed it should have notified Bindewald. Instead, Mr. Tesson, a Vice President of the defendant corporation, ordered a hose placed in the ‘backfill’. The water was turned on and allowed to run all night.
“It is the opinion of the Court that the defendant had no right to undertake any such measure, corrective or otherwise. When the defendant undertook to ‘flood the backfill’ after Bindewald had completed the work, it assumed full responsibility for the job.
“It is the further opinion of the Court that the sinking of the concrete slab was traceable to the ‘flooding of .the'backfill’ by the defendant.” ‘
The record is a very large one and contains a mass of contradictory opinions of experts as to the cause of the subsidence ánd as to whether or.'not the flooding of the backfill by Gurtler was the real cause of the defect.' which .ultimately made, its appearance. - - ;/
 There is much' contradictory tes7 timony on the question of when the flooding •by the general contractor took place and as to whether the effect of this flooding had terminated before the subcontractor proceeded to complete the work'. On these questions of fact the decision of the District Court might well have gone either way. The District Judge- could have believed that the taking over of-the work by the general contractor and the flooding was the sole cause of the accident,, or he might have bej lieved the contrary. This is á most appropriate case for the application of the rule that, where only a question of fact is involved, the trial court should be reversed only where the appellate court feels that there was manifest error. We do not find manifest error here.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.