CULPEPPER, Judge.
This suit is instituted by a building contractor, Martin Richard, against a property owner, Ada Barker, for recovery of the contract price of $200 for roof repairs on defendant’s property in Lake Charles.
The petitioner originally demanded $503, but, prior to trial, entered a remittitur reducing the claim to the sum of $200.
Defendant’s answer admitted that her house was damaged during the hurricane of 1957 as alleged by plaintiff and further admitted that “some patch work on the roof” was accomplished. She denied authorizing plaintiff to do any work on her roof and, in the alternative, avers that “the work performed by plaintiff did not amount to $503 and is grossly exaggerated.”
From a judgment in favor of plaintiff for the sum of $200, defendant has appealed.
Plaintiff testified that his business was that of a small building contractor, and he was so occupied in June of 1957, when, following Hurricane Audrey, he was con *400 tacted by an insurance adjuster during the latter part of July. The purpose of the insurance adjuster’s contact was to request plaintiff to “adjust the damage” at defendant’s house. Following this conversation with the adjuster, plaintiff went to defendant’s house, examined the damage and quoted defendant a figure of $503'for all of the damage, which included the price of $200 for the roof. Defendant did not authorize plaintiff to proceed with the work at the time of this meeting. Plaintiff testified that he made a written estimate at the time of this first meeting with defendant, giving one to her and one to the insurance adjuster. A few days thereafter he was advised by the adjuster that the estimate had been approved, and a few days thereafter, according to plaintiff one week after his first visit with defendant, he again contacted the defendant. At the time of his second visit with defendant the plaintiff testified that defendant authorized him to proceed with the work.
Defendant admitted that she was contacted at the time of the first estimate, but denied that there was any further contact until after the work had been done and denied specifically that she authorized plaintiff to do the work.
As is so often the case involving verbal agreements, the testimony is contradictory. Plaintiff, if he and his witnesses are to be believed, has made out his case. Plaintiff is corroborated by the evidence of the purchase of materials and the payment of labor (P-1 and P-2, respectively). This documentary evidence corroborates in detail plaintiff’s testimony to the effect that he complied with his contract to apply eight .squares of roofing at $25 per square. Eight squares of roofing were purchased for this job and plaintiff paid the labor for applying eight squares of roofing.
In cases such as this involving questions of fact, an appellate court must affirm the judgment unless there be manifest error in the conclusions of fact by the trial judge. Broussard et al. v. Janin et al., La.App., 62 So.2d 197; Ferguson v. Belcher & Son, 230 La. 422, 88 So.2d 806; Bindewald v. Gurtler, Hebert & Co., Inc., La.App., 112 So.2d 746.
This case necessarily turns on the credibility of witnesses to a verbal contract. Certainly the trial court was in a better position to accurately weigh the credibility of the parties and witnesses than are we,, who see only a printed record. Under these circumstances, the judgment of the trial court will not be disturbed. Roux v. Attardo et al., La.App., 93 So.2d 332; Jackson v. Young, La.App., 99 So.2d 400; Lebo v. Metropolitan Casualty Insurance Company of New York, La.App., 99 So.2d 417.
We find no manifest error in the judgment of the lower court in this factual situation and, accordingly, it is affirmed. Defendant-appellant must bear the costs of this appeal.
Affirmed.