144 So.2d 459 (1962)
Victor R. LORASO
v.
CUSTOM BUILT HOMES, INC.
No. 273.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Porteous & Johnson, Parnell J. Hyland, Trial Atty., New Orleans, for plaintiff-appellee.
Richard J. Meunier, New Orleans, for defendant-appellant.
Before AYRES, DAWKINS and ALLEN, JJ.
JAMES R. DAWKINS, Judge ad hoc.
On July 18, 1958, the plaintiff, VICTOR R. LORASO, of Metairie, Louisiana, purchased a new three-bedroom brick veneer house from the defendant, CUSTOM BUILT HOMES, INC., of the same city, which house had been constructed by the defendant. Upon occupancy of the house plaintiff discovered certain defects in the construction of the house, the primary ones of which he complained being that the septic tank was not properly installed and failed to function properly during rainy weather and that there were certain defects in the sheetrock walls and the ceilings in various rooms of the house. Upon repeated complaints to the defendant, the defendant did make certain attempts to correct the defects, but failed to obtain satisfactory results. Finally, the plaintiff employed workmen of his own choosing who corrected the defects.
Plaintiff then filed suit against the defendant for the costs of these repairs, alleging the cost to have been Two Hundred Seventy and No/100 ($270.00) Dollars. The defendant filed a general denial, and after the trial of the case, judgment was rendered by the Trial Court in favor of the plaintiff in the sum of One Hundred Seventy-five and 64/100 ($175.64) Dollars, together with legal interest thereon from date of judicial demand until paid, with the defendant to pay all costs. From this judgment, defendant has prosecuted this appeal on the grounds that the judgment of the Trial Court is contrary to the law and evidence and that the findings and conclusions of the Trial Court are at variance with the testimony and facts established at the trial. The plaintiff answered the appeal praying that the judgment of the Trial Court be increased to Two Hundred Seventy and No/100 ($270.00) Dollars.
*460 From an examination of the record, it appears that the defendant caused the house in question to be constructed in accordance with the rules and regulations of the Federal Housing Administration, and upon completion of the house, the same was sold by the defendant to the plaintiff for Thirteen Thousand Five Hundred and No/100 ($13,500.00) Dollars, with the plaintiff financing the purchase through the Federal Housing Administration. As a regular part of the financing arrangements made by the FHA, the defendant warranted for one year that the house purchased by the plaintiff was constructed in substantial conformity with the plans and specifications that had been approved by the FHA.
On the trial of the case, the plaintiff testified that he and his family moved into the house on July 25, 1958, and that about two weeks later, during a rain, a flush of the water closet or commode in the bathroom resulting in a flooding of the floor. Upon immediate complaint to the defendant, the defendant sent several of its employees on various occasions to remedy the situation. The defendant's employees diagnosed the trouble as being the faulty operation of the sump pump. However, and even after the defendant had replaced the sump pump with a new one, the water closet continued to overflow onto the bathroom floor every time it rained. The fact that the septic tank continued to malfunction during rainy weather was corroborated by the testimony of the plaintiff's wife, and Mrs. Leslie A. Coon, his sister, who lived in the same neighborhood. Mrs. Coon testified that during inclement weather, the plaintiff and his family would come to her house in order to use their toilet facilities, due to the fact that the plaintiff's facilities were inoperational during such weather conditions. Finally, after the efforts of the defendant produced no satisfactory results, the plaintiff obtained an estimate from Lebo Mancuso, who was engaged in the plumbing and heating business, as to the cost of repairing the sewer disposal facilities, which estimate was in the amount of One Hundred Thirty-five and No/100 ($135.00) Dollars (TP 135). Mr. Mancuso diagnosed the trouble as being not in, nor with, the sump pump, but that the sewer line going from the septic tank to the sewer ditch was too low or not at the proper pitch. As a consequence, when the water level of the ditch reached that of the line, the water flowed back into the tank, and the pump, all of which caused the water closet to overflow onto the floor of the plaintiff's bathroom. The plaintiff employed Mr. Mancuso to remedy the situation and the work was done by him for the sum of One Hundred Five and 64/100 ($105.64) Dollars (TP 83). Mr. Mancuso's diagnosis of the trouble proved correct, as the line from the septic tank to the ditch was raised to the proper pitch, thus giving the proper flow and eliminating the sump pump entirely, and plaintiff thereafter experienced no further trouble with the sewer facilities. There was also evidence in the record of an expenditure in the amount of Twenty and No/100 ($20.00) Dollars, by the plaintiff to an electrician for the installation of a circuit for the sump pump (TP 50, 131 and 132) due to the constant short circuit created when the water backed up into the pump.
Simultaneously with the plaintiff's septic tank and related troubles and immediately after the occupancy of the house, complaints were also registered with the defendant and the FHA in connection with certain other defects throughout the house, the most serious of which appeared to have been an area in the kitchen ceiling over the range which apparently had been created for the installation of a vent but which had been removed, with a resulting faulty job of patching the opening having been so created. There were also serious complaints concerning the appearance of nail holes in the sheetrock walls in the bathroom. In support of his allegations concerning these defects, and in addition to the testimony of the plaintiff, such was verified by the testimony of Mr. Coon, the plaintiff's wife, and by Mr. I. A. Roy, a man called for the purpose of estimating the repair of such, who, *461 being a builder himself, estimated these repairs to cost One Hundred Thirty-five and No/100 ($135.00) Dollars. These major defects in the ceiling of the kitchen over the range and the nail holes in the sheetrock in the bathroom were also verified by Charles M. Rodi, the inspector for FHA, and by I. J. Harrelson, the sub-contractor who installed the sheetrock in the house, both of whom testified for the defendant. Since these repairs had not been made, the Trial Court considered the estimate of I. A. Roy and the other witnesses and concluded that Fifty and No/100 ($50.00) Dollars would be sufficient to cover such.
The defendant called, among others, Nathan A. Jones, who was chief of operations with the FHA from the New Orleans office, who testified that the house had been approved by the FHA and that a certificate of approval of the installation of the septic tank by the Jefferson Parish Health Unit had been obtained. The defendant also produced the president of the defendant corporation who testified that on numerous occasions plumbers and electricians had been dispatched to plaintiff's house where certain repairs were made, and that a new pump was purchased and installed.
From the foregoing and a careful review of the record presented on this appeal, it is our conclusion that there was more than enough evidence before the Trial Court on which the Court could find that the septic tank was improperly installed and that certain defects existed in the ceiling in the kitchen and the walls in the bathroom. These being purely questions of fact, we do not observe any manifest error on the part of the lower Court in reaching such a conclusion, and findings of fact by a Trial Court will not be reversed unless clearly and manifestly erroneous. Snodgrass v. Centanni, 229 La. 915, 919, 87 So. 2d 127; Richard v. Barker, La.App., 124 So.2d 399.
The defendant contends that the septic tank was installed in accordance with the plans and specifications, was approved by the FHA, and not covered by the warranty required by the FHA. Whether the septic tank was or was not installed in accordance with the plans and specifications (such not being in evidence), and even if not included in the warranty required of the defendant by the FHA, the fact remains that the plaintiff was the purchaser of this new house from the defendant, and since the house contained a system for the disposal of sewerage, it is too fundamental for citation of authority for the proposition that there was an implied warranty on the part of the defendant that the sewer facilities constructed would be reasonably fit and functional for the purposes intended, which, unquestionably, was not true in the case at bar.
For the reasons assigned above, the decision of the District Court is affirmed, with the appellant to pay all cost of the appeal.
Affirmed.