GLADNEY, Judge.
The plaintiff, H. Z. Dyess, engaged in the business of drilling water wells, brought this suit for the recovery of the cost of drilling and completing a water well on the homesite of Floyd T. Weems, the defendant. From a judgment rejecting his demands plaintiff has appealed.
The parties entered into this contract by telephone and none of its terms were reduced to writing. However, the dispute which has arisen relates solely to the quality of the water produced by the well which was completed on May 4, 1962. After securing an analysis of the water, disclosing it as unsuitable for use due to the presence of excessive solids, minerals, discolor and traces of oil and grease, the defendant declined to make payment on the ground that plaintiff had stipulated the well when completed would produce good and acceptable water. No effort was made by Dyess to rework or recomplete the well. He emphatically denies any guarantee or warranty as to the quality of the water and testified he promised only that the well would produce water.
The issue, which is purely factual, constitutes the only contention between the parties. In denying relief, the trial judge found plaintiff had failed to show his obligation did not require that the well be completed with a flow of potable or acceptable water. In the absence of such a showing it was held there arose an implied warranty that such water would be usable. As authority for this ruling the court cited the case of Loraso v. Custom Built Homes, Inc., La.App., 144 So.2d 459 (4th Cir.1962) wherein an implied warranty was imposed on a builder of a house requiring him to construct sewer facilities which would be reasonably fit and functional for the purposes intended.
Counsel for appellant relies upon Rinaudo v. Treadwell, 212 La. 510, 32 So.2d 907, a case involving a question of impure water from a well drilled by the contractor. There, however, the court pointed out that although the water was brackish and unsatisfactory, the plaintiff, for whom the well was drilled, knew the contract contained no guarantee the well would produce suitable water. The case, therefore, is inapposite.
*786 This appeal, which involves purely a question of fact, does not disclose manifest error on the part of the lower court, and accordingly the judgment is affirmed at appellant’s cost.