LEAR, Judge.
Plaintiff alleges damages for personal injuries and certain special losses occa *767 sioned him by reason of an automobile accident occurring on Interstate Highway 10 in June, 1964.
He sets forth that he was proceeding in his own proper left lane of eastbound traffic, when suddenly and without warning a vehicle owned and operated by Lynch Phillips, insured by defendant Southwestern Fire Insurance Company, swerved into plaintiff’s lane of traffic causing the damages and injuries complained of. Plaintiff sought and obtained a trial by jury.
The defendant Phillips admits the accident, but invokes the doctrine of sudden emergency to release him from liability. A plea of contributory negligence was made and the issues were thus presented to the jury.
The jury, by vote of nine to three, rendered verdict for defendants, and plaintiff prosecuted this appeal.
Plaintiff’s entire objection to the verdict of the jury is directed to their finding of facts. Nowhere in plaintiff’s brief does he object to any charge given the jury by the trial judge, nor does he object to any requested but refused charge. Thus, he comes to this court asking a reversal of the jury’s finding of fact.
This court has studied the instructions as given by the district court and finds them to be complete and correct in every respect. We find no manifest error in the verdict of the jury. Ferguson v. Belcher & Son, 230 La. 422, 88 So.2d 806; Second Church of Christ, Scientist v. Spencer, 230 La. 432, 88 So.2d 810; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (S.Ct.1967).
For the reasons above assigned, the judgment of the district court is hereby affirmed.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.