LOTTINGER, Judge.
This is a suit filed by Sidney A. Rathe, as petitioner seeking recovery from defendants, Thomas A. Maher and Bernard J. Sharkey, for the cost of correcting certain alleged inferior work performed by defendants in the construction of a residence for petitioner. The Lower Court awarded judgment in favor of petitioner and against defendants in the sum of $1,-177.80. Petitioner has appealed.
This is the second time this matter has been before this Court. Our prior opinion, rendered on February 28, 1966, is reported in 184 So.2d 256. We then held that there was certain inferior work performed under the contract between petitioner and defendants, and the matter was remanded to the Lower Court for a decision as to quantum. The question of quantum has now been tried in the Lower Court, and the petitioner was awarded a judgment in the sum of $1,177.80 plus legal interest from date of *249 judicial demand until paid, and petitioner has taken this appeal.
Four experts testified below as to the cost of correcting the inferior work performed by defendants. These experts were Mr. Myatt, who testified for defendants that the deficiencies could be corrected for the sum of $496.00. The other defense witness, Mr. David, placed an estimate of $588.00 on the work required to correct the deficiencies.
Mr. Lamana who testified on behalf of petitioner, offered his estimate of $13,000.-00 for the correction of the defects, and Mr. Abbott, another witness for petitioner, gave his estimate at $12,778.00.
In its written reasons, the Lower Court said:
“Now, this Court has heard four experts in the field of residential construction, repair and renovation. What we have sought to do is take the testimony of each expert as it relates to a particular defect enumerated in the Court of Appeal opinion and ascertain which testimony is more reasonable or more subject to belief. This, of course, is not easy in view of the fáct that there is a tremendous difference between the low estimates and the high estimates. For each sum set by this Court to correct the various defects, the Court has relied upon that expert testimony which was most believable and which, in most cases, was corroborated to some extent.”
The Lower Court then went on to itemize each of the defects and to affix the quantum necessary to correct same. In so doing, the Lower Court added 20% on each item as a fair estimate of the increase of costs of construction since the time the original estimates were made by the various experts.
There is no question in our minds but that the estimates of the two high experts, namely, Mr. Lamana and Mr. Abbott were extremely exaggerated. We reached this decision because of the fact that while these estimates were in the sum of $13,-000.00 and $12,778.00 respectively, the original contract for the construction of the subject residence was the price and sum of $20,062.00. The residence, we might add, is now over ten years old, as it was accepted by petitioner as substantially completed on August 20, 1958, and shortly thereafter he and his family occupied their new home.
Two of the major defects complained of are the sagging of the upper floor in petitioner’s home and the unstableness of a portion of a brick veneer wall on the back of the house. While Mr. Abbott estimated this defect at the sum of $3,400.00 and Mr. Lamana estimated it at $4,548.00, Mr. Myatt gave an estimate of $60.00, and Mr. David gave an estimate of $75.00, for the repair of this complaint. Mr. David and Mr. Myatt proposed to shim up the floor while, on the other hand, Mr. Abbott and Mr. Lamana proposed to remove the entire floor area and replace the floors and sub-floors and refinish same. There were similar differences of opinion as to the price of repair to a portion of the brick veneer wall which apparently had not been sufficiently anchored and therefore moved when one pushed against it. While Mr. Myatt and Mr. David proposed to remove a few bricks, install a sufficient number of ties and replace the bricks, Mr. Lamana proposed the construction of almost an entire new brick wall along the back of petitioner’s residence.
As stated above, after consideration of the evidence, the Lower Court awarded the petitioner the sum of $1,177.80 as the cost of correcting the defects in construction. We find no error on the part of the Lower Court, and the judgment will, therefore, be affirmed. Broussard v. Janin, La.App., 62 So.2d 197.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.