MORIAL, Judge
(dissenting).
Mildred Rojas Collins inherited in full ownership 25S acres of land from her father and 162.2 acres from her mother. As a result of a compromise settlement she acquired an additional 33 acres of land from her stepfather who retained the usufruct. All were various acquisitions of adjacent acreage in Lafitte, Louisiana.
Mildred Rojas joined by her husband Eddie Collins sold 127 acres to defendant W. Richard White and several other individuals. Sometime thereafter plaintiffs sold another 81 acres to defendants, White and Whittington, and one named Perrin. Thereafter, plaintiffs had remaining 208 acres in full ownership plus the 33 acres subject to usufruct. Plaintiffs then mortgaged the 208 acres for $12,000.00 in favor of Wilhemina K. White, the wife of defendant White, on April 11, 1963. The property was further mortgaged by plaintiffs on October 16, 1964 in favor of Wilhemina K. White for an addition $15,-000.00. The 33 acres subject to the usu-fruct was also included in this mortgage as additional security.
In 1965, with foreclosure imminent, plaintiffs, as an alternative, decided upon a sale of property to defendants White, Whittington, and Kaufman. This sale which included the 208 acres plus the 33 acres subject to usufruct was reformed by the district court.
Plaintiffs contend it was their understanding and the understanding of defendants that at the time of the sale they were selling only the 208 acres which were security for the mortgage of April 11, 1963. Defendants argue they intended to purchase plaintiffs’ interest to all of the property that plaintiff had at the time of the sale; and, it was the intention of the parties to include all the property which was subject to the mortgage of October 16, 1964.
Written instruments are to be reformed when such instruments as written, do not express the true contract of the parties. Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (1957); Ober v. Williams, 213 La. 568, 35 So.2d 219 (1948). Further, the Louisiana Civil Code provides in Article 1950:
“When there is anything doubtful in agreements, we must endeavor to ascertain what was the common intention of the parties, rather than to adhere to the literal sense of the terms.”
For reformation of an agreement there must be mutual error or mistake; however, the burden is on the one seeking reformation to prove the mutual error or mistake by clear, strong, and convincing evidence. Ferguson v. Belcher & Son, 230 La. 422, 88 So.2d 806 (1956); Agurs v. Holt, supra. Parol evidence is admissible for this purpose. Agurs, supra.
Both plaintiffs testified. Mrs. Collins has a seventh grade education. Her husband has no schooling and is unable to read or write, other than to sign his name. He can add, but cannot multiply. He stated that he was offered $160 per acre for the land in dispute by Mr. White with whom he dealt exclusively. He further testified that he was offered that price per acre without an appraisement. He testified of his simple knowledge of mortgages and the fact that the sale was the alternative to foreclosure. He stated that he was sure that they were selling only 208 acres which they owned and had no intention of selling the 33 acres. He further stated that he was never explained that the act of sale included those 33 acres. He also testified that on a previous occasion *854 he asked Mr. White if he wanted to buy the 33 acres. He stated White replied it wasn’t worth anything because he (White) couldn’t have the mineral rights to it and, therefore, didn’t want to buy the property.
Mrs. Collins also testified that Mr. White told her that he didn’t want to buy the property since he could not receive the mineral royalties because of the usufruct. She stated that she had no intention of selling the 33 acres subject to the usufruct as the value of the 208 acres that she owned was sufficient to cover the money she owed on the mortgages. She further testified that she didn’t know that the 33 acres were in the act of mortgage of October 1964.
W. Richard White, a defendant, stated the purchase price was determined by the mortgages, plus interest, and the Collins’ equity in the property. When asked how the figure of $33,280.00 for the sale was reached, Mr. White stated: “It would be based, like you said, 208 at $160, but the other 33 acres was included in the sale.” This adds strong credence to plaintiffs’ version. At $160 per acre the price for 208 acres amounts to exactly $33,280.00, the sale price. After my careful review of the record I am unable to find from the testimony of defendants how the sale price of $33,280.00 was reached with no apparent consideration being given in that sale for the 33 acres subject to the usu-fruct.
This is a classic case where those of a less fortunate educational background learned some five years after a sale that they had disposed of property which they did not intend to sell and which their vend-ees did not intend to acquire. Considering all the circumstances surrounding the acquisition of the Rojas properties by the defendants, I am compelled to conclude that the intention of the defendants was to acquire by the act of sale of July 5, 1966, only those properties which Mrs. Collins had previously acquired in full ownership. See Prejeant v. Hero Lands Company, 244 So.2d 613 (La.App. 4 Cir. 1971). I am convinced that the district court made a proper evaluation of the evidence presented as to the intention of the parties.
For the foregoing reasons, I respectfully dissent.